E-FILED
Tuesday, 06 June, 2006 03:22:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, CENTRAL LABORERS' WORK DUES, LABORERS'-EMPLOYERS' COOPERATION EDUCATION TRUST, CENTRAL LABORERS' VACATION FUND, DISTRICT COUNCIL DUES, INDUSTRY ADVANCEMENT FUND, MIDWEST REGION FOR FAIR CONTRACTING and LABORERS' LOCALS#950, #253, #919 and #1084, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. |
| WESTERN ASPHALT, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendants, WESTERN ASPHALT, INC., and allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1145.

2. The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, are employee benefit funds administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 *et*

*seq.* The address and place of business of the Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267. The Central Laborers' Pension, Welfare and Annuity Funds are the collection agents for the other named Plaintiffs.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §s 1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Laborers' International Union of North America, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to a Participation Agreement by and between Defendant and Plaintiffs. Said Participation Agreements are attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's address is Rural Route 4, Jacksonville, Illinois 62650.

5. Pursuant to ERISA, 29U.S.C. §1145, the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Declarations of Trust. Plaintiffs' Agreements and Declarations of Trust, in pertinent part, are attached hereto and made a part hereof as **Exhibits B, C, D and E**.

6. That pursuant to such Participation Agreements and Agreements and Declarations of Trust, Plaintiffs have been determined that Defendant owes Plaintiffs liquidated damages for the period from November 2004, April and May 2005 and July through October 2005, in the total amount of $2,237.50. A breakdown of this amount is attached hereto and made a part hereof as **Exhibit F.**

7. That Plaintiffs have made demand upon Defendant for the liquidated damages and report form shortages due, but Defendant has failed to satisfy said demand. The demand is attached hereto and made a part hereof as **Exhibit G**.

8. That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorney fees.

9. Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of John T. Long in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A. For a Judgment in favor of Plaintiffs and against Defendant for liquidated damages for the period from November 2004, April and May 2005 and July through October 2005, in the total amount of $2,237.50, and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is entered;

B. That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;

C. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $1,226.75 as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective Agreements and Declarations of Trusts of the Plaintiffs;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,
By: s/ John T. Long
JOHN T. LONG
**CAVANAGH & O'HARA**
407 East Adams

Post Office Box 5043
Springfield, IL 62705
Telephone (217) 544-1771
Fax (217) 544-9894
johnlong@cavanagh-ohara.com

F:\files\CENTRAL\Western Asphalt, Inc\Complaint.ld.wpd

E-FILED
Tuesday, 06 June, 2006 03:22:49 PM
Clerk, U.S. District Court, ILCD

Agreements on File

Western Asphalt, Inc.
2665 Prairie College Rd.
Jacksonville, IL 62650

| | | |
|---|---|---|
| Participation Agreement | Laborers' Local #950 | Executed 06/12/89 |
| Participation Agreement | Laborers' Local #253 | Executed 08/29/95 |
| Participation Agreement | Laborers' Local #253 | Executed 10/17/95 |
| Participation Agreement | Laborers' Local #919 | Executed 08/12/96 |
| Participation Agreement | Laborers' Local #1084 | Executed 06/16/99 |
| Participation Agreement | Laborers' Local #950 | Executed 08/30/00 |
| Participation Agreement | Laborers' Local #253 (Pactiv Job) | Executed 10/02/00 |
| Participation Agreement | Laborers' Local #253 (Brown Co Job) | Executed 10/02/00 |

EXHIBIT
tabbies
A

2617

By signing this Memorandum of Agreement which has been negotiated by and between the Associated General Contractors of Illinois, Wabash Valley Contractors Association, Egyptian Contractors Association, Inc., and the Southern Illinois Laborers' District Council on behalf of it's affiliated Local Unions, the undersigned Employer agrees to abide by all the articles, stipulations and fringe benefits contained herein, throughout Highway District #7 and #9.

FOR THE COMPANY:

Company Name: Western Asphalt Inc

Company Address: Rt 2 Box 246 Prairie College Rd
Jacksonville IL 62650

Phone: 217-243-3822 Date: 9-30-02

Signed By: [signature] Title: Pres.

SIGNATURES REDACTED

FOR THE UNION:
Southern Illinois Laborers' District Council

PJR Signed By: [signature] Title: Bus. Mgr.

Witnessing Union Agent

Title Local #

Date: Participation Statement for Contract No. 9491D - only Brownstown



HIGHWAY DISTRICT #7 BUSINESS MANAGERS

| | | | |
|---|---|---|---|
| LOCAL 528 | Salem | STANLEY MORRIS<br>P.O. Box 203<br>Salem 62881 | Bus. Ph: (618) 548-3665<br>Res. Ph: (618) 822-6253 |
| LOCAL 529 | Benton | JOHN E. TAYLOR<br>810 N. McLeansboro<br>Benton 62812 | Bus. Ph: (618) 435-2631 |
| LOCAL 771 | Olney | MICHAEL J. ORREL<br>309 N. Walnut<br>Olney 62450 | Bus. Ph: (618) 395-3980<br>Res. Ph: (618) 456-3197 |
| LOCAL 1048 | Vandalia | RONALD HOWARD<br>Route 1, Box 26<br>Brownstown 62418 | Bus. Ph: (618) 427-3321<br>Res. Ph: (618) 829-5138 |
| LOCAL 1197 | McLeansboro | JOHN R. TAYLOR<br>Route 2, Box 382<br>McLeansboro 62859 | Bus. Ph: (618) 773-4595<br>Res. Ph: (618) 773-4595 |

2617 H#34

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between Western Asphalt Inc (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 4.00 | per hour to Central Laborers' Pension Fund | | per hour to Industry Advancement Fund |
| 3.60 + .30 = 3.90 | per hour to Central Laborers' Welfare Fund | 3½ % of gross | Working Dues (% or cents per hour) |
| .50 | per hour to Central Laborers' Annuity Fund | .30 | LECT |
| .40 | per hour to Illinois Laborers' and Contractors' Training Trust Fund | .60 | Other Vacation |
| | MRFFC | .40 | Other District Council Dues |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

RECEIVED JUL 2003

**EMPLOYER**

Western Asphalt Inc
Name of Business

R4 21665 Prairie College Rd
Address

Jacksonville Il 62650
City/State/Zip Code

Telephone 217-243-3822

Authorized Signature

Title Pres

Date Aug 1, 2003

SIGNATURES REDACTED

**CENTRAL LABORERS' FUNDS**

Authorized Signature

Executive Administrator
Title

**UNION**

Territory in which Agreement signed: Local 477

Authorized Signature

Title Secretary - Treasurer

7-24-2003
Date

# PARTICIPATION AGREEMENT

1. The undersigned Employer hereby agrees that this document represents the detailed written agreement required by the Labor-Management Relations Act to permit the Central Laborers' Pension Fund, the Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Trust Fund and such other Funds or Plans listed below to receive contributions from said Employer on behalf of employees employed by said Employer within the jurisdiction of said Funds and Plans.

2. The Employer hereby agrees to pay to the Central Laborers' Pension Fund for each employee employed by the Employer, the following contributions:

.50 ¢ per hour to Central Laborers' Pension Fund — Estimated Starting Date ______

______ ¢ per hour to Central Laborers' Welfare Fund — Estimated Completion Date ______

______ ¢ per hour to Central Laborers' Annuity Plan

______ ¢ per hour to Illinois Laborers' and Contractors' Training Trust Fund

______ ¢ per hour to Industry Advancement Fund

______ Working Dues (% or ¢ per hour)

______ ¢ other

TYPE OF PROJECT
- ☐ Building
- ☐ Heavy and Highway
- ☐ Plants

3. For the purpose of this Agreement, each hour paid for, including hours attributable to show up time, and other hours for which pay is received by the employee in accordance with this Agreement, shall be counted as hours for which contributions are payable.

4. Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement.

5. The payments required above shall be made payable to the "Central Laborers' Pension Fund", which was established under an Agreement and Declaration of Trust, dated January 1, 1965. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust as heretofore and hereafter amended, as though he had actually signed the same.

6. The Employer hereby irrevocably designates as its representives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the Trustees pursuant to the said Agreement and Declaration of Trust as heretofore and hereafter amended.

7. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to have an accountant audit the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Pension Fund.

8. If an Employer fails to pay contributions within ______ days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs for collection of the payments due together with attorney's fees and such penalties as may be assessed by the Trustees.

9. The Pension, Welfare and Annuity Plans adopted by the Trustees of said Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

Please print clearly

Employer: Western Asphalt Inc.
(Name)
R.R. #4 Jacksonville
(Address)
217-243-3822
(Telephone)

Signature ______
Title: Supervisor
Date: 6/12/89

~~District Council~~ or Local Union: LABORERS LOCAL 950
P.O. Box 225
(Address)
210 E. MAIN ST. MT. OLIVE, ILL 62069

Signature ______
Title: Bus. Mgr.
Date ______

JUN 1989 RECEIVED

SIGNATURES REDACTED - PJR

White copy: Central Laborers' Pension and Welfare Funds, P.O. Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: ~~District Council~~ or Local Union

7/13/89 [illegible] Report!

I.D.O.T. for Contract No 92832 - Item 12 - Letting 12-13

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between WESTERN ASPHALT INC. (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

1.50 per hour to Central Laborers' Pension Fund
2.70 per hour to Central Laborers' Welfare Fund
1.35 per hour to Central Laborers' Annuity Fund
.20 per hour to Illinois Laborers' and Contractors' Training Trust Fund

_____ per hour to Industry Advancement Fund
.60 Working Dues (% or cents per hour)
.05 Other LECET
_____ Other _____

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable. All required payments shall be made payable to the "Central Laborers' Fringe Benefit Account."

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

SIGNATURES REDACTED

| EMPLOYER | CENTRAL LABORERS' FUNDS |
| --- | --- |
| Western Asphalt Inc. — Name of Business | Authorized Signature |
| R.R. 4 — Address | Executive Administrator — Title |
| Jacksonville IL 62650 — City/State/Zip Code | UNION |
| 217-243-3822 — Telephone | Territory in which Agreement signed: Local 253 |
| Authorized Signature | Authorized Signature |
| Pres. — Title | BA — Title |
| 8-29-95 — Date | 8-29-95 — Date |

1995

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer

Contract #93169 - Morgan County
Section 93-00103-00-SP Jacksonville
Project STPRRS-8193(2)

FAU Route 8193 (Clay St)
Dist. 6 - Construction Funds

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between WESTERN ASPHALT INC. (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

1.50 per hour to Central Laborers' Pension Fund
2.70 per hour to Central Laborers' Welfare Fund
1.35 per hour to Central Laborers' Annuity Fund
.20 per hour to Illinois Laborers' and Contractors' Training Trust Fund

______ per hour to Industry Advancement Fund
.60 Working Dues (% or cents per hour)
.05 Other LECET
______ Other ______

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable. All required payments shall be made payable to the "Central Laborers' Fringe Benefit Account."

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**SIGNATURES REDACTED** PJR

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Western Asphalt Inc. — Name of Business | Authorized Signature |
| R R 4 — Address | Executive Administrator — Title |
| Jacksonville Il 62650 — City/State/Zip Code | UNION |
| 217-243-3822 — Telephone | Territory in which Agreement signed: Local 253 |
| Authorized Signature | Authorized Signature |
| Pres — Title | BA. — Title |
| 10-17-95 — Date | 10-17-95 — Date |

JUL 1995

Contract #93169 - Morgan County

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between western Asphalt (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 2.00 | per hour to Central Laborers' Pension Fund | ______ | per hour to Industry Advancement Fund |
| 2.55 | per hour to Central Laborers' Welfare Fund | .80 | Working Dues (% or cents per hour) OUT W:9 |
| 1.55 | per hour to Central Laborers' Annuity Fund | .05 | LECET |
| .25 | per hour to Illinois Laborers' and Contractors' Training Trust Fund | ______ | Other ______ |
| ______ | MRFFC | ______ | Other ______ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

SIGNATURES REDACTED - PdR

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Western Asphalt Inc | |
| Name of Business | Authorized Signature |
| Y4 | Executive Administrator |
| Address | Title |
| Jacksonville Il 62650 | UNION |
| City/State/Zip Code | |
| 217-243-3822 | Territory in which Agreement signed: Local 919 |
| Telephone | |
| | |
| Authorized Signature | Authorized Signature |
| Pres | BUSINESS manager |
| Title | Title |
| 8-12-96 | JULY 24 1996 |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between Western Asphalt Inc (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | |
|---|---|
| 2.75 per hour to Central Laborers' Pension Fund | _____ per hour to Industry Advancement Fund |
| 2.55 per hour to Central Laborers' Welfare Fund | _____ Working Dues (% or cents per hour) |
| 2.95 per hour to Central Laborers' Annuity Fund | .35 LECET |
| .25 per hour to Illinois Laborers' and Contractors' Training Trust Fund | .15 Other DENTAL |
| _____ MRFFC | _____ Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

SIGNATURES REDACTED

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Western Asphalt Inc<br>Name of Business | Authorized Signature |
| R 4<br>Address | Executive Administrator<br>Title |
| Jacksonville IL 62650<br>City/State/Zip Code | UNION |
| 217-243-3822<br>Telephone | Territory in which Agreement signed: Local #1084 |
| Authorized Signature | Authorized Signature |
| Pres<br>Title | BUS. MANAGER<br>Title |
| 6-16-99<br>Date | 6-15-99<br>Date |

RECEIVED JUN 1999

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union (Rev. 7/95) 8M

#2467 (a) Blake

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between Western Asphalt (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

4.00 per hour to Central Laborers' Pension Fund
3.15 per hour to Central Laborers' Welfare Fund
3.15 per hour to Central Laborers' Annuity Fund
.25 per hour to Illinois Laborers' and Contractors' Training Trust Fund
____ MARFC

____ per hour to Industry Advancement Fund
____ Working Dues (% or cents per hour)
.20 LECET
.10 Other SICAP
____ Other

11.05 Total

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to defer the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

SIGNATURES REDACTED-PJR

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Western Asphalt, Inc | |
| Name of Business | Authorized Signature |
| R. 4 2665 Prairie College Rd. | Executive Administrator |
| Address | Title |
| Jacksonville Ill 62650 | UNION |
| City/State/Zip Code | |
| 217-243-3822 | Territory in which Agreement signed: Local 96 |
| Telephone | |
| Authorized Signature | Authorized Signature |
| Title | Title |
| 8-22-2000 | 8/30/00 |
| Date | Date |

SEP 2000 RECEIVED

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union (Rev. 7/98) 3/1

#2617

B/ate 31

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between *Western Asphalt* (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

*4.00* per hour to Central Laborers' Pension Fund
*2.70* per hour to Central Laborers' Welfare Fund
*1.18* per hour to Central Laborers' Annuity Fund
*.25* per hour to Illinois Laborers' and Contractors' Training Trust Fund

*.12* per hour to Industry Advancement Fund
*10.5* Working Dues (% or cents per hour)
*.15* Other *L.E.C.E.T.*
*.05* Other *M.A.T.E.C.*

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable. All required payments shall be made payable to the "Central Laborers' Fringe Benefit Account."

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all action taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

**NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.**

**EMPLOYER**

*Western Asphalt Inc*
Name of Business

*2665 Prairie College Rd PO4*
Address

*Jacksonville Ill 62650*
City/State/Zip Code

*217-243-3822*
Telephone

Authorized Signature

*Pres.*
Title

*10-2-2000*
Date

**CENTRAL LABORERS' FUNDS**

Authorized Signature

Executive Administrator
Title

**UNION**

Territory in which Agreement signed: Local *253*

Authorized Signature

*B-A*
Title

*10-2-00*
Date

SIGNATURE REDACTED *PJK*

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union

*PACTIV Only, Fax Back Job, 243-9018*

(Rev. 8/94) 2M

28 C
H'

26117

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between *Western Asphalt, Inc.* (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

*Letting Build? Act*

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | | |
|---|---|---|---|---|
| *5.05* | *5.00* per hour to Central Laborers' Pension Fund | | ______ per hour to Industry Advancement Fund | |
| *2.70* | *2.80* per hour to Central Laborers' Welfare Fund | | *1.05* | Working Dues (% or cents per hour) |
| | *1.05* per hour to Central Laborers' Annuity Fund | | *.25* | LECT |
| *.25* | *.30* per hour to Illinois Laborers' and Contractors' Training Trust Fund | | *.50* | Other *Vacation Fund* |
| | ______ MRFFC | | ______ | Other ______ |

*K by Mike McClure*

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonus and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $50.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| *Western Asphalt Inc* | R |
| Name of Business | Authorized Signature |
| *P.O. 2465 Prairie Valley Rd* | Executive Administrator |
| Address | Title |
| *Jacksonville IL 62650* | UNION |
| City/State/Zip Code | Territory in which Agreement signed: Local *253* |
| *217 243 3832* | |
| Telephone | Authorized Signature |
| Authorized Signature | *B.M.* |
| Title *Pres.* | Title |
| Date *6-22-01* | Date *6-22-01* |

*Brown Co. job only — Sign and fax back! 243-9018*

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

*Contract No. 72535 RE 99 Thanks!*

(Rev. 11/98) BM

SIGNATURES REDACTED -PJR

E-FILED
Tuesday, 06 June, 2006 03:23:03 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

# AND

# DECLARATION OF TRUST

# OF THE

# CENTRAL LABORERS'

# PENSION FUND

EXHIBIT

tabbies

B

selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

(b) The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

(c) The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

(d) The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

(e) Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

## ARTICLE VI

## CONTRIBUTIONS TO THE FUND

Section 1. BASIS OF CONTRIBUTIONS TO PLAN. In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

Section 4. BOND OR DEPOSIT. The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

Section 5. MODE OF PAYMENT. All contributions shall be due and payable on the

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

Section 11. REFUND OF CONTRIBUTION. Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

## ARTICLE VII

## PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

Section 2. RECIPIENT OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

Section 4. BASIS OF PROVIDING BENEFITS. Benefits shall be provided and

**E-FILED**
Tuesday, 06 June, 2006 03:23:18 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT
# AND
# DECLARATION OF TRUST
# OF THE
# CENTRAL LABORERS'
# WELFARE FUND

**2003**

EXHIBIT
tabbies
C

## ARTICLE V

## CONTRIBUTIONS TO THE FUND

**Section 1. BASIS OF CONTRIBUTIONS TO PLAN.** In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto, provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement in the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geological area in which the covered Employees perform work. Ti shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2. EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

**Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OR RECORDS.** The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures develop and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the result of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any will ful violation of any requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct. Nothing herein shall prevent personal liability for owner or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 herein below, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

**<u>Section 4. BOND OR DEPOSIT</u>**. The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount of not less than Five Thousand Dollars ($ 5,000), nor more than Fifteen Thousand Dollars ($ 15,000) or an amount equal to three (3) times the monthly contributions of such Employer, as estimate by the Trustees, whichever is greater, secured by a corporate agency.

**<u>Section 5. MODE OF PAYMENT</u>**. All contributions shall be due and payable on the fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

**<u>Section 6. DEFAULT IN PAYMENT</u>**. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payments of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

**<u>Section 7. LIQUIDATED DAMAGES</u>**. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provide above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($ 25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be at least ten percent (10%) of the delinquent contributions o Twenty-five Dollars ($25.00), whichever

is greater, waiving the necessity of any additional proof thereof.

**Section 8. INTEREST**. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

**Section 9. COLLECTION COSTS**. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

**Section 10. AUDITS AND THE COSTS THEREOF**. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Welfare Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorney's fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

**Section 11. REFUND OF CONTRIBUTION**. Upon application by the payer, the Fund may refund to the payer contribution it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonable foreseeable liability on the part of the Fund.

E-FILED
Tuesday, 06 June, 2006 03:23:32 PM
Clerk, U.S. District Court, ILCD

# RESTATED DECLARATION OF TRUST

# ESTABLISHING

# ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND

September 26, 1995

EXHIBIT
D

## ARTICLE IV

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligations shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund for the payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each individual Employer only shall be responsible for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. Under no cicumstances shall the Association or any other employers association or groups be responsible for contributions, payments or other obligations of

any other Employer.

(d) Work Outside Jurisdiction. In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 4.2 Receipt of Payment and Other Property of Trust. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.3 Collection and Enforcement of Payments. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4.4 Production of Records. Each Employer shall promptly furnish to the

Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5 The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, attorney's fees, filing fees and costs of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 4.6 Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

E-FILED
Tuesday, 06 June, 2006 03:23:42 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

# AND

# DECLARATION OF TRUST

# OF THE

# LABORERS' AND EMPLOYERS' COOPERATIVE TRUST OF ILLINOIS

EXHIBIT

E

## ARTICLE VII

### Participation and Contributions

7.01. **PARTICIPATION:** Participation in the Trust shall be open to all employers in the Industry in Illinois which employ laborers represented by LIUNA, District Councils or the Local Unions, and to associations of such employers; subject to the absolute discretion of the Board of Trustees to accept, reject or expel from participation in the Trust. The Board is empowered to condition participation on execution of such participation agreements or forms as the Board may promulgate, and on such other conditions as the Board deems necessary or appropriate. A participant may terminate its participation in the Trust by submitting a written notice of such action to the Board at any time, except to the extent that the participant is bound by a collective bargaining agreement, a participation agreement, or some other agreement requiring participation in the Trust. Termination of participation shall not excuse any Employer from indebtedness to the Trust for all contributions and other payments due for the period before the effective date of the termination. The Board is empowered to deem the purported termination of an Employer ineffective until such time as all indebtedness to the Trust by the Employer is satisfied.

7.02. **CONTRIBUTIONS:** The primary source of funding for the Trust shall be collectively-bargained Employer contributions. Each Employer shall contribute to the Trust in such amounts as set forth in its collective bargaining agreement with LIUNA, the District Councils, or a Local Union, or as set forth in some other written agreement authorized by the Board of Trustees. The financial responsibility of an Employer to the Trust shall be limited to making such contributions and to any default payments required by this Article, and no Employer shall be liable for contributions owed by another, separate Employer. Contributions shall be paid to the Trust in such manner and

at such times as the Board of Trustees shall determine. For administrative convenience, the Board may enter into arrangements with employee benefit plans sponsored by LIUNA, the District Councils or Local Unions for joint collection of Employer contributions.

7.03. **DEFAULT IN PAYMENT:** Employers which fail to pay the contributions or other payments owed the Trust when due may be expelled, at the Board's discretion, from participation in the Trust. In addition to any other remedies to which the Trust or the Board of Trustees is entitled, any Employer which fails to pay contributions or other payments owed within thirty (30) days of when due shall be liable to the Trust for interest at the rate of one-and-one-half percent (1½%) per month (or, if lower, the highest rate of interest permitted by applicable law) from the due date through the date of payment, as well as for all expenses of collection incurred by the Trust, including attorneys' fees and court costs. The Board is empowered to institute proceedings at law or equity, and to take any other lawful action, to collect contributions and otherwise enforce an Employer's obligations. The Board shall be entitled to institute collection and enforcement proceedings in court or otherwise without regard to any grievance or arbitration procedure set forth in any collective bargaining agreement or other agreement. The Board shall be entitled to assert all applicable liens, claims and priorities available under federal or state law against an Employer to secure payment of amounts owed. It is specifically agreed and understood that the Trustees are authorized to contract with any other fund or funds for auditing and collection of delinquent contributions and that the District Councils, unions, associations, contributing and signatory employers acknowledge, agree and understand that the fund procedures of the collecting fund shall be utilized and followed.

7.04. **CONTRIBUTION REPORT:** Employers shall submit to the Trust such written reports or documents as the Board of Trustees may deem necessary or appropriate to collect and

substantiate contributions.

7.05. AUDITS: Employers, at the request of the Board of Trustees, shall submit to an audit by a certified public accountant or accountancy firm of the appropriate records of the Employer to verify that the correct amount of contributions or of other payments due has been or will be paid and for no other purpose.

## ARTICLE VIII

### Amendment and Termination

8.01. AMENDMENT BY BOARD: This Trust Agreement may be amended, in whole or in part, at any time by the Board of Trustees by a duly executed written instrument; provided that no amendment shall violate applicable law or alter the fundamental purpose of the Trust; and provided further that no amendment shall permit the net earnings of the Trust to inure to the benefit of LIUNA, any Local Union, the District Councils affiliated with the Midwest Region, any Employer, or any other individual or entity, except to the extent permitted by applicable law, including the applicable provisions of the Internal Revenue Code. Any such amendment shall be deemed as part of this Trust Agreement and shall be binding on the Board, LIUNA, the Local Unions, the District Councils affiliated with the Midwest Region, the Employers and all other parties dealing with the Trust. The Board is empowered to fix such effective date for an amendment as it deems necessary or appropriate.

8.02. TERMINATION OF TRUST: This Trust Agreement and the Trust may be terminated at any time by the Board of Trustees; provided that such action shall be confirmed by a duly executed written instrument; and provided further that no termination by the Board shall be effective until written notice is delivered to LIUNA's Regional Manager and to the Associations

E-FILED
Tuesday, 06 June, 2006 03:23:53 PM
Clerk, U.S. District Court, ILCD

April 24, 2006

Western Asphalt, Inc.
2665 Prairie College Rd.
Jacksonville, IL 62650

Liquidated Damages Assessments:

| | | | |
|---|---|---|---|
| Nov-04 | Local 477 | $203.24 | |
| Apr-05 | Local 477 | 54.52 | |
| May-05 | Local 477 | 159.03 | |
| Jul-05 | Local 477 | 95.04 | |
| Aug-05 | Local 477 | 242.94 | |
| Aug-05 | Local 196 | 25.00 | |
| Aug-05 | Local 477 | 237.14 | |
| Sep-05 | Local 477 | 766.04 | |
| Sep-05 | Local 477 | 195.13 | |
| Sep-05 | Local 1084 | 52.44 | |
| Oct-05 | Local 477 | 90.11 | |
| Oct-05 | Local 477 | 355.10 | |
| Total | | $2,475.73 | $2,475.73 |

Report Form Overpayment

| | | | |
|---|---|---|---|
| Sep-05 | Local 477 | ($211.65) | |
| Oct-05 | Local 477 | (26.58) | |
| Total | | ($238.23) | ($238.23) |

| | |
|---|---|
| Grand Total Due | $2,237.50 |

EXHIBIT F

E-FILED
Tuesday, 06 June, 2006 03:24:02 PM
Clerk, U.S. District Court, ILCD

CAVANAGH & O'HARA
Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

John T. Long
Britt W. Sowle

Of Counsel
Michael J. Masterson, P.C.

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

March 27, 2006

**CERTIFIED MAIL**

Western Asphalt, Inc.
2665 Prairie College Road
Jacksonville, Illinois 62650

**Re: Central Laborers Pension, Welfare and Annuity Funds**

Dear Employer:

This office is general counsel to the Central Laborers' Pension, Welfare and Annuity Funds and they have referred to us for collection the liquidated damages required by the Trust Agreement as a result of your recent delinquency. As you have been previously advised, the liquidated damages are in the amount of **$2,058.94**.

This letter will be the last letter to you before action is taken in court for collection. The Funds are required by law to take such action as may be necessary to collect the sums due them.

Under the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, the Court must assess against you various interest costs and damages in the event a Judgment is recovered against you. These costs are substantially higher than those the Funds are presently willing to accept. You will also be responsible for all attorney fees, court costs and any other expenses incurred in collection.

The Funds have no desire to put you to the expense outlined above, but it was felt that it might be appropriate to make sure that you are aware of same so that you could take it into consideration in determining whether you want to voluntarily eliminate your delinquency without the necessity of litigation to collect the amount due.

If you do not desire that our collection efforts be pursued by way of a lawsuit, you should contact the Funds' Delinquency Department (217-243-8521) and such arrangements with the Funds as will satisfy them within ten (10) days from the date of this letter.

EXHIBIT
tabbies
G

We sincerely hope we can have your cooperation in this matter in order to decrease your costs as well as ours and the employees who are participating in these Funds.

Very truly yours,

SIGNATURE REDACTED-PJR

Britt W. Sowle

cc: Central Laborers' Pension, Welfare and Annuity Fund/Dan Koeppel
bws/jb

APR 2006

E-FILED
Tuesday, 06 June, 2006 03:24:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| WESTERN ASPHALT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF ATTORNEY FEES**

JOHN T. LONG, having first been duly sworn on oath, states that the following itemization accurately represents the time and costs expended by this office in this cause:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 03/27/06 | Preparation of demand letter to employer for payment of liquidated damages via certified mail. | .60 |
| 05/17/06 | Addition to Delinquency Status Report. | .20 |
| 05/17/06 | Research Secretary of State for corporate information; preparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| 05/17/06 | Preparation of Affidavit in Support of Attorney Fees. | .75 |
| | Telephone conference with Morgan County Sheriff's Department regarding service fee. | .10 |
| | Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |
| | TOTAL HOURS 4.55 X $185.00 PER HOUR | $841.75 |
| | U.S. District Court - Filing Fee | $350.00 |

EXHIBIT
H

| | |
|---|---|
| Morgan County Sheriff's Department - Service Fee | $350.00 |
| **TOTAL FEES AND COSTS** | **$1,226.75** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

s/ John T. Long

JOHN T. LONG
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone (217) 544-1771
Fax (217) 544-9894
johnlong@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 2nd day of June 2006.

Notary Public

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

F:\files\CENTRAL\Western Asphalt, Inc\A-Fee.wpd

E-FILED
Tuesday, 06 June, 2006 03:27:38 PM
Clerk, U.S. District Court, ILCD

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CENTRAL LABORERS' PENSION FUND, et al.,

**DEFENDANTS**
WESTERN ASPHALT, INC.,

**(b)** County of Residence of First Listed Plaintiff: Morgan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Morgan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cavanagh & O'Hara (217) 544-1771
407 East Adams Street, Springfield, IL 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
E.R.I.S.A., 29 U.S.C. Sec. 1145

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** $3,464.25

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: June 2, 2006

SIGNATURE OF ATTORNEY OF RECORD: s/ John T. Long

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______